**RAILWAY LABOR EXECUTIVES' ASSOCIATION, et al., Plaintiffs,**

v.

**GUILFORD TRANSPORTATION INDUSTRIES, INC., Boston and Maine Corporation, Delaware & Hudson Railway Company, Maine Central Railroad Company, Portland Terminal Company, and Springfield Terminal Company, Defendants.**

**Civ. No. 87-0034-P.**

United States District Court,
D. Maine.

Jan. 30, 1987.

John O'B. Clarke, Jr., Washington, D.C., Craig J. Rancourt, Biddeford, Me., for plaintiffs.

Charles S. Einsiedler, Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., Ralph J. Moore, Jr., Scott R. McIntosh, D. Eugenia Langan, Shea & Gardner, Washington, D.C., for Boston & ME. Corp., MCRR, Ptld. Terminal Co., Delaware & Hudson & Springfield Terminal Co.

Jay S. Blumenkopf, Drummond, Woodsum, Plimpton & MacMahon, P.C., Portland, Me., for Guilford Transp.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Currently before the Court is an Application for a Temporary Restraining Order filed by Plaintiffs Railway Labor Executives' Association, et al.[1] Plaintiffs have brought an action for declaratory judgment and injunctive relief against Defendants, Guilford Transportation Industries, Inc. (Guilford), Boston and Maine Corporation, Delaware & Hudson Railway Company, Maine Central Railroad Company, Portland Terminal Company, and Springfield Terminal Company. Count I alleges that Defendants will be in violation of an order of the Interstate Commerce Commission (ICC), Finance Docket No. 29720 (Sub-No. 1), when Defendants implement on February 1, 1987 a leasing arrangement among the carriers owned by Guilford. Count II alleges that Defendants have willfully and deliberately violated various sections of the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* Plaintiffs allege that the Court has jurisdiction under 28 U.S.C. §§ 1331, 1336(a), and 1337(a), and under 49 U.S.C. § 11705. Plaintiffs base their Application for temporary relief entirely on Count I of their Complaint which arises from the following circumstances.[2]

In 1982, Guilford obtained the approval of the ICC under 49 U.S.C. § 11343 to acquire Delaware & Hudson Railway Company and Boston and Maine Corporation. ICC Finance Docket Nos. 29720 (Sub-No. 1) and 29772. Under these decisions, the ICC imposed arrangements for the protection of employee interests known as the *New York Dock* conditions.

Subsequent to the above acquisitions, Guilford sought and received Notices of Exemption by ICC under 49 U.S.C. § 10505 which allow Guilford to effect certain intracorporate leases. ICC Finance Docket Nos. 30965 and 30967. Plaintiffs filed petitions with the ICC under these dockets requesting that the ICC determine that the appropriate employee protective provisions

---

1. Plaintiffs in this action include RLEA, sixteen labor unions, and the member organizations of the RLEA.

2. Plaintiffs have devoted their argument in support of their Application to the issues raised in Count I of their Complaint. The Court, therefore, does not reach the question of whether the relief requested would be appropriate under the facts alleged in Count II.

in these transactions are the *New York Dock* conditions imposed in the 1982 orders and not the *Mendocino Coast* conditions which are usually imposed on exempt lease transactions. The ICC decisions on Plaintiffs' petitions are currently pending.

Plaintiffs devote their extensive argument to the merits of their contentions. The Court, however, does not reach these merits but begins instead with an analysis of its jurisdiction over the dispute.

■ Plaintiffs argue that jurisdiction is proper under 49 U.S.C. § 11705, which enables Plaintiffs to bring a civil action to enforce ICC orders. Because the recent ICC Notices of Exemption do not include an order regarding the appropriate employee protective conditions, Plaintiffs argue that they are attempting to enforce the 1982 orders which imposed *New York Dock* conditions. Although Plaintiffs have the right to bring an action in this Court to enforce the 1982 orders, 49 U.S.C. § 11705, the Court also has the right to refer questions or issues to the ICC for determination. 28 U.S.C. § 1336(b).

Before the Court can enforce the 1982 orders or grant Plaintiffs' present request for relief, the Court must first determine whether the transactions contemplated by Guilford probably fall within the scope of those orders. This determination, however, must be made in the exceedingly complex regulatory context of an ICC-supervised merger. The Court finds that this determination is best made by the ICC.

■ In addition, the Court *sua sponte* determines that the doctrine of primary jurisdiction applies to the controversy before it despite Plaintiffs' ability to bring a civil action in this Court under 49 U.S.C. § 11705(a). *Cf. Hansen v. Norfolk & Western Ry.*, 689 F.2d 707, 709–11 (7th Cir.1982) (applying doctrine under section 11705(c)(1)). The ICC, and not the Court, should be given the opportunity to evaluate Plaintiffs' claims and determine the applicability of its 1982 orders to the leases in question. *See Zapp v. United Transportation Union*, 727 F.2d 617, 625 (7th Cir. 1984) (invoking doctrine so ICC could clari-

fy plaintiffs' rights); *Anderson v. United Transportation Union*, 557 F.2d 165, 169 (8th Cir.1977) (affirming dismissal of action for damages and injunctive relief where ICC had primary jurisdiction to determine compliance with its prior order); *Augspurger v. Brotherhood of Locomotive Engineers*, 510 F.2d 853, 857 (8th Cir.1975). Moreover, deference to the administrative agency is particularly appropriate here as the issue is currently pending before the agency in the context of its Notices of Exemption.

Accordingly, the Court DENIES Plaintiffs' Application for a Temporary Restraining Order and DISMISSES Count I of the Complaint for lack of subject matter jurisdiction, or in the alternative, DECLINES jurisdiction as to Count I and refers the issue to the ICC for determination.

So ORDERED.